## JACK BUTLER v. THE STATE.

### No. 3120.    Decided October 18, 1905.

**1.—Aggravated Assault—Assault to Murder.**

A conviction for aggravated assault will not be set aside where the evidence showed an assault with intent to murder, or justified a conviction of the said latter offense.

**2.—Same—Simple Assault—Charge of Court—Shooting to Alarm or Frighten.**

Where the evidence justified a conviction for either aggravated assault or assault with intent to murder, and defendant testified that he fired the shot in order to show prosecutor that his pistol was loaded, and the court instructed the jury to acquit the defendant if they believed his testimony, there was no error in not charging simple assault.

Appeal from the District Court of Red River. Tried below before Hon. Ben H. Denton.

Appeal from a conviction of aggravated assault; penalty, $25 and thirty days confinement in jail.

The opinion states the case.

*S. W. Harman,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of an aggravated assault, and his punishment assessed at a fine of $25 and thirty days confinement in the county jail.

Appellant insists that the judgment should be reversed, because the evidence does not sustain the verdict. The evidence on the part of the State, in our opinion, fully sustains the verdict. Indeed it would sustain a verdict for assault with intent to murder. But because it would have authorized the jury to find appellant guilty of said offense is no reason why they were not authorized to find him guilty of an aggravated assault.

It is further contended that the court should have given in charge to the jury simple assault, based on appellant's evidence; and to sustain this view we are referred to Gatling v. State, 7 Texas Ct. Rep., 16; Angel v. State, 45 Texas Crim. Rep., 135; 7 Texas Ct. Rep., 895. These cases go to the extent of holding that an assault with a firearm with intent merely to alarm or frighten is a simple assault. We do not understand the evidence to be of that character in this case. Here appellant says he fired the shot in order to show prosecutor that his pistol was loaded. If this was all, he was entitled to an acquittal; and the court gave this phase of the case in charge to the jury and instructed them, if they believed it true, to acquit. The judgment is affirmed.

*Affirmed.*