Texas & Pacific Railway Company v. P. L. Whitaker et al.

Decided October 15, 1904.

**1.—Railroads—Damage to Crops from Overflow.**
Where crops on an irrigated farm are destroyed by water through the failure of a railroad company to provide necessary culverts in its roadbed, the company is not exempt from liability therefor because at the time of the construction of the road the country there was an arid one, devoted only to pastures, since the statute required necessary culverts and sluiceways to be provided is absolute in terms and without exceptions. Rev. Stats., art. 4436.

**2.—Same—Extraordinary Floods.**
A railway company in the construction of its road is required to provide against extraordinary floods where such floods may reasonably be anticipated.

**3.—Same—Charge—Harmless Error.**
Where the charge referred to the duty of the railway company in the construction of its road to employ an engineer of ordinary prudence and caution, and no such issue had been made by the pleadings and evidence, but the failure to discharge this duty was not submitted as a ground of recovery, there was not reversible error.

Appeal from the District Court of Ward. Tried below before Hon. James L. Shepherd.

*Ellis Douthit,* for appellant.

*A. J. Wilson* and *J. E. Starley,* for appellees.

STEPHENS, Associate Justice.—Appellee recovered of appellant $500 on account of the loss of a cotton crop, a grape crop and a vineyard in Ward County, Texas, destroyed by water about July 23, 1902. A very heavy rain fell about that time in that locality, and the natural flow of the water was obstructed by an embankment which had been thrown up by appellant in the construction of its railway. This embankment backed up the water and caused it to stand on the cotton field and vineyard till the cotton, grapes and grape vines were destroyed. The value of the property so destroyed could not reasonably have been less than $500, the amount of the verdict. Indeed, it seemed to be conceded in oral argument that if appellees were entitled to recover at all, they were entitled to recover at least that amount. Their right to recover at all, however, was denied, mainly on the ground that the rain was unprecedented and could not reasonably have been anticipated; but the verdict in this respect was also sustained by the evidence. True, the evidence tended to show that the rain was an extraordinary one, but it also tended to show that that section of the State, like all other arid countries, was subject to extraordinary rainfalls, and that no provision had been made by appellant in the construction of its road for any such rainfalls, the only opening in the embankment being a small culvert which had been put in to carry off the drainage from an irrigation ditch.

We overrule as immaterial all assignments affecting the measure of

damages, since, as already seen, the evidence would not have warranted a less verdict.

We overrule as unsound the proposition of the ninth assignment, that appellant was only required to take into consideration the condition that existed when its road was originally constructed, namely, that that portion of Texas was used for grazing purposes only, and that it therefore was not liable to appellees (who subsequently engaged in irrigation farming there) for diverting the water from its natural course. "In no case," says the statute, "shall any railroad company construct a roadbed without first constructing the necessary culverts or sluices, as the natural lay of the land requires, for the necessary drainage thereof." Rev. Stats., art. 4436. This statute without exception requires the roadbeds of railway companies to be constructed with such culverts or sluices as the natural lay of the land requires for the necessary drainage thereof. The consequences of a failure to comply with the statute are to be measured only by the extent of the injury done to the property of others.

The tenth assignment complains of the tenth paragraph of the court's charge for requiring appellant, "in the construction of its track, embankments and culverts, to provide against extraordinary floods." If error had been assigned to this paragraph of the charge on the ground of its being contradictory and confusing as a whole, we would have had a more serious question, but no such objection is presented either in the assignment or the propositions under it. The assignment as made complains not of the paragraph as a whole, but only in so far as it required appellant, in the construction of its road, "to provide against extraordinary floods." This points out no error, for we understand the law to be that a railway company in the construction of its road is required to provide against extraordinary floods where, as the evidence in this case tended to prove, such floods may reasonably be anticipated. This question was considered in the case of Gulf C. & S. F. Ry. Co. v. Pomeroy, 67 Texas, 498, and we need only refer to the able opinion of Justice Gaines in that case for a discussion which seems entirely satisfactory. Both in the eighth paragraph of the charge and in the first and last clauses of the tenth paragraph is found the first proposition under the assignment in question, namely, that appellant would only be liable for the consequences of such floods as could reasonably have been foreseen; but what was meant by the following clause of the tenth paragraph we have not found it either necessary or easy to determine: "and provided in such construction of said railway track, embankment and culvert therein against extraordinary floods such as could not have been reasonably foreseen by men of ordinary skill and sagacity such as is required in the construction of railway tracks and embankments and culverts." The confusion is doubtless due to the inadvertent use of the word "not." The only other proposition submitted under the assignment is that a railway company "is not bound to guard against extraordinary floods," which, as thus broadly stated, we have already seen is not sound. It becomes our duty, therefore, to overrule the assignment.

Error is assigned to the third paragraph of the charge because it imposed on appellant the duty of employing in the construction of its road an engineer of ordinary prudence and caution, no such issue having been made by the pleadings or raised in the evidence. While the charge in a general way, and unnecessarily, informed the jury that it was appellant's duty to employ such an engineer—and evidently it was—the failure to discharge this duty was not submitted as a ground of recovery, and we hardly think the jury could reasonably have understood the charge as submitting any such issue to them.

The remaining assignments need not be discussed, but are all overruled. The judgment is affirmed.

*Affirmed.*

Writ of error refused.