FORT WORTH & DENVER CITY RAILWAY COMPANY v. R. H. SUTER.

Decided February 27, 1909.

**1.—Railroads—Damage from Overflow—Charge.**

In a suit for damages alleged to have resulted from the failure of defendant railroad company to maintain proper culverts for the escape of water, the court charged the jury as follows: "It is the duty of a railway company in constructing and maintaining its roadbed and track to provide and maintain the necessary culverts and sluiceways to carry the waters of all streams which it may cross and the surface waters resulting from rainfall, as the natural lay of the land requires, so as not to divert such waters from their natural course." Held, that said charge was not objectionable because it imposed upon defendant the absolute duty of maintaining culverts and sluices necessary to carry off the waters, instead of requiring it only to use ordinary care to do so.

**2.—Same—Negligence—Pleading.**

Where plaintiff's petition alleged such facts as showed that defendant railroad had not complied with the statute in the matter of constructing culverts and sluices necessary for the escape of waters, it was unnecessary for plaintiff

to allege in so many words that the defendant was guilty of negligence. The failure to perform a plain statutory duty resulting in injury to another is necessarily negligence.

**3.—Charge upon Evidence—Practice.**

When the evidence upon an issue be practically undisputed, it is not reversible error that the charge of the court upon such issue is upon the weight of the evidence.

Appeal from the District Court of Wichita County. Tried below before Hon. A. A. Hughes, Special Judge.

*Spoonts, Thompson & Barwise* and *C. C. Huff,* for appellant.

*J. T. Montgomery,* for appellee.

SPEER, ASSOCIATE JUSTICE.—This is an appeal by the Fort Worth & Denver City Railway Company from a judgment in favor of R. H. Suter for one thousand dollars as damages growing out of an overflow alleged to have resulted from a failure of the railway company to maintain proper culverts for the escape of water.

It is first urged that the court erred in the following paragraph of his charge, to wit: "It is the duty of a railway company in constructing and maintaining its roadbed and track to provide and maintain the necessary culverts and sluiceways to carry the waters of all streams which it may cross and the surface waters resulting from rainfall, as the natural lay of the land requires so as not to divert such waters from their natural course." The proposition announced is that it is the duty of a railway company to use ordinary care to maintain the necessary culverts and sluices to carry off the water of streams and surface, whereas the court imposed upon appellant the absolute duty of doing so. The charge as given appears to be fairly within the statute (article 4436), and is abundantly supported by the authorities. (Austin & Northwestern Ry. Co. v. Anderson, 79 Texas, 427; Clark v. Dyer, 81 Texas, 339; Texas & Pac. Ry. Co. v. Whitaker, 82 S. W., 1051; San Antonio & A. P. Ry. Co. v. Gurley, 37 Texas Civ. App., 283.)

While appellee's petition alleges that appellant's failure to construct the necessary culverts and sluiceways was negligence, it nevertheless sets forth such facts as to show that appellant has not complied with the statute cited, and his rights are not thereby limited by the further unnecessary allegation that such failure was negligence. Moreover, the failure to perform a plain statutory duty resulting in injury to another is necessarily negligence.

The third paragraph of the court's charge is next attacked as being upon the weight of the evidence. This paragraph reads as follows: "You are further instructed that if you find for the plaintiff under the foregoing charge, you will not find for him any damages which you believe from the evidence would have resulted to plaintiff's land or crops by any water which would have flowed over or stood upon said land if the track and roadbed of the defendant had been constructed and maintained in the manner stated in the first section of

this charge; but only such damages, if any, as you may find have resulted from the failure of defendant to construct and maintain the necessary culverts and sluiceways to carry off the water according to the natural lay of the land." But this charge when read in connection with the paragraph to which it refers can not be said to assume that appellant had failed to construct and maintain the necessary culverts and sluiceways. But if it did, the evidence is practically undisputed that the openings under the track were insufficient for the necessary drainage of appellee's land.

The third and only remaining assignment complains of the court's refusal to give a special charge instructing that the jury would not allow any damages for the overflows caused by a certain embankment along the north side of the public road. Appellee insists that the evidence did not raise such issue, but whether it did or not, we think that paragraph of the charge last above quoted sufficiently limited appellee's right to recover to those damages only that resulted from appellant's failure to construct and maintain the necessary culverts and sluiceways.

We find no error in the judgment and it is affirmed.

*Affirmed.*