R. E. Murray v. The State.

No. 12426.   Delivered June 19, 1929.

*T. J. Murray* and *Douglas, Carter & Black* of San Antonio, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, negligent homicide of the second degree; penalty, a fine of $450.00.

Appellant was a customs inspector in the town of Eagle Pass. In driving on the San Antonio and Austin Highway through the unincorporated town of Selma, he struck and killed the deceased with his automobile.   The circumstances introduced by the State tend to prove that deceased was struck on the left side of the road and that appellant was going at a greater rate of speed than twenty miles per hour at the time and that deceased was dragged for some distance after being struck.   Appellant explained this by saying that he was afraid to lock his wheels as he figured that it would be less likely to kill deceased if the car was permitted to roll over him after being struck.   He also testified that deceased suddenly jumped in front of his automobile and that the accident was unavoidable.

Appellant was charged in the second count with driving his car through the unincorporated town of Selma at a greater rate of speed than twenty miles per hour.   The Court charged the jury in part:

"And if you further find and believe from the evidence, beyond a reasonable doubt, that the defendant was then and there driving

said automobile within and through Selma at a greater rate of speed than twenty miles per hour * * * and if you further find and believe from the evidence, beyond a reasonable doubt, that defendant *did, through negligence and carelessness,* cause the death of the said Alfred W. Kneupper by then and there driving said motor vehicle over, against and upon the said Alfred W. Kneupper, causing injuries to the said Alfred W. Kneupper from which he died, etc. * * * then you will find the defendant guilty."

It is insisted that this authorized a conviction for any negligence and carelessness of which the jury might believe appellant guilty, though same was not alleged in the indictment, and that said two paragraphs taken together failed to limit the negligence and carelessness of appellant to the unlawful act charged in the indictment, namely, the driving of a car at a speed of more than twenty miles per hour on a public road through an unincorporated town.

The unlawful act charged in this indictment is denounced as a penal offense in Art. 789 of the Penal Code. This unlawful act was also charged as a negligent act.

"The generally accepted view is that violation of a statutory duty constitutes conclusive evidence of negligence, negligence as a matter of law, or negligence per se. * * * The rule that violation of a statute is negligence per se has been applied with respect to statutes covering a large variety of subjects, among which may be mentioned: The operation of motor vehicles." 45 C. J., Paragraph 103, Page 720.

As supporting this text many authorities are cited, including the following Texas cases: Galveston, etc., R. Co. v. Cook, 16 S. W. 1038; Hines v. Foreman, 243 S. W. 479; Texas, etc., R. Co. v. Baker, 215 S .W. 556; Franklin v. Houston Electric Co., 286 S. W. 578; St. Louis, etc., R. Co. v. Price, 244 S. W. 642; Stirling v. Bettis Mfg. Co., 159 S. W. 915; Fort Worth, etc., R. Co. v. Suter, 54 Tex. Civ. App. 238, 118 S. W. 215.

So if the charge in the instant case goes no further than to merely place the burden upon the State to prove negligence in addition to proof of an unlawful act made a penal offense by statute, it obviously could not harm the accused, under the facts of this case. The charge, however, we think, fails to properly limit the jury's consideration of the negligent act to the specific unlawful act charged in the indictment. The jury under said charge might convict for any unlawful act of appellant although same was not alleged. The vice in the above charge is accentuated by the peculiar facts of this case, which

show that deceased may have come to his death by the negligent act of appellant in dragging deceased some distance instead of promptly stopping his car, upon which particular act of negligence appellant could not be legally convicted because not alleged in the information, but which the jury may have considered sufficient, though believing appellant's car was not operated at an unlawful rate of speed. It is not necessary to cite authorities to sustain the fundamental proposition that the conviction of an accused can be had only for criminal acts charged against him in an information or indictment.

The Court further charged the jury that the State depended "in part" upon circumstantial evidence for a conviction. This was objected to. As we view the record, the main incriminating fact against the appellant was proven entirely by circumstances. This being true, the case is one of circumstantial evidence. If it depends only in part on circumstantial evidence, the Court is not authorized to give such a charge. Howard v. State, 13 S. W. (2d) 80. On another trial the words "in part" should be omitted, though we are not prepared to say that in this case same would constitute reversible error and only mention it because of the disposition we make of the case.

Because of the error first above discussed in the charge, the judgment of the trial court is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.