ORIENTAL OIL COMPANY V. JIM BROWN ET AL.

No. 6920.   Decided July 28, 1937.
Rehearing overruled October 20, 1937.
(106 S. W., 2d Series, 136.)

*Burgess, Chrestman & Brundridge* and *H. A. Bateman,* all of Dallas, for plaintiff in error.

The article of the statutes which limits the speed of motor vehicles through unincorporated towns to twenty miles per hour is valid and enforceable, as a rule of civil conduct, so that its violation will constitute negligence per se. Bell v. Henson, 74 S. W. (2d) 455; Freeman v. Schwenker, 73 S. W. (2d) 609; San Antonio Pub. Service Co. v. Murray, 59 S. W. (2d) 851;

Wolf v. Smith, 86 S. W. (2d) 67; Mikael v. Equitable Securities Co., 74 S. W. 67.

*White & Yarbrough* and *Touchstone, Wight, Gormley & Price,* all of Dallas, for defendant in error.

Since no issue was submitted to the jury as to whether or not the accident occurred within a village, the defendant waived and abandoned the defense that the plaintiff's injuries were contributed to by his own acts in driving in excess of twenty miles per hour. Ormsby v. Ratcliffe, 117 Texas 242, 1 S. W. (2d) 1084; Dallas Hotel Co. v. Davidson, 23 S. W. (2d) 708; International & G. N. Ry. Co. v. Casey, 46 S. W. (2d) 669.

MR. JUDGE MARTIN delivered the opinion of the Commission of Appeals, Section B.

Judgment for defendant in error Brown was entered in the trial court against plaintiff in error. This judgment was affirmed by the El Paso Court of Civil Appeals. See 80 S. W. (2d) 378. A portion of that court's opinion is:

"On or about March 7, 1932, Jim Brown was operating a truck on the Eagle Ford Road, in Dallas County, Texas, and going in a westerly direction. H. T. Gumm was operating a truck for appellant and going in the same direction. The truck Brown was operating was behind appellant's truck. Appellant's No. 2 refinery is located on said road on the south side. On the day in question appellant's driver attempted to turn from the right side of the road into the gate leading to appellant's refinery and while so doing there was a collision between the two trucks in which Brown claims to have been injured.

"On February 28, 1933, Brown filed this suit against appellant seeking a recovery for such injuries. His petition contains allegations of several acts of negligence on the part of appellant's driver. Appellant demurred generally and specially and pleaded contributory negligence on the part of Brown.
 *  *  *
"The portions of the statute here involved, read:
" 'It shall be unlawful for any person to operate or drive any motor or other vehicle upon the public highways of Texas * * * within or through any town or village not incorporated, at a greater rate of speed than twenty (20) miles per hour. * * *.'

"After a careful reading of the above mentioned decisions, as well as many others, we have reached the conclusion that the above provision is too uncertain and indefinite to apprise the

driver of a vehicle when he should bring the speed thereof within the twenty mile limit.

"The difficulty arises from the fact that no one can say just where the boundaries of an unincorporated town or village are and each driver would, perforce, be left to the use of his judgment as to when he was within such town or village. The same would be true as he was leaving."

The basis of the legal controversy here arose out of the submission of the following special issues and the jury's answers thereto:

"Special Issue No. 26. Do you find from a preponderance of the evidence that on the occasion of the collision in question the plaintiff, Jim Brown, was driving the truck he was in at a greater rate of speed than 20 miles per hour? Answer yes or no.

"Answer: Yes.

"If you have answered the next preceding issue 'Yes' and in that event only, you will answer the following:

"Special Issue No. 27. Do you find from a preponderance of the evidence that the driving of the truck by plaintiff at a greater rate of speed than 20 miles per hour, if you have so answered the preceding issue, proximately caused or contributed to cause the injuries, if any, sustained by plaintiff? Answer yes or no.

"Answer: Yes."

These defensive issues entitled plaintiff in error to judgment, if the above quoted portion of Art. 827a, Section 8, P. C., is a valid statute, and the accident was shown conclusively to have happened on the street of a village or town. These are the controversial issues presented for decision. The quoted portion of said article was held invalid, as too indefinite and uncertain, and in this we think said court erred.

■ A statute in this precise language has not heretofore been construed, so far as our investigation discloses. Statutes in somewhat similar language have been many times the subject of judicial interpretation. It seems to the writer that the present subject has in modern times become cobwebbed with evanescent reasoning, some of it as vague as any of the statutes discussed. It would be a useless space-consuming task to turn aside and discuss these. We think that both logic and American precedents sustain our view that the statute in question is at least valid as a rule of civil conduct.

A prosecution involving this very statute reached the Court of Criminal Appeals. The invalidity of the statute was appar-

ently not raised, but constituted fundamental error anyway. It was reversed upon procedural matters and not ordered dismissed, as it should have been if the accused stood convicted under an utterly void statute. See Murray v. State, 113 Texas Crim. Rep. 98, 18 S. W. (2d) 921.

We quote, briefly from authorities believed by us to sustain our present holding:

"A statute prohibiting the operation of motor vehicles at a rate of speed greater than is reasonable and proper, having regard to the traffic and use of the highway or so as to endanger the life or limb of any person or the safety of any property, establishes a rule of conduct which is not greatly different than the rule of ordinary care, which would apply in the absence of a statute, and while it may be too uncertain and indefinite in its terms to be capable of enforcement by a criminal prosecution, it is not too indefinite to furnish a rule of civil conduct." 42 C. J., p. 631.

"Section 3 of Chapter 96, Acts of Thirtieth Legislature, p. 193, provides: 'No person in charge of an automobile or motor vehicle on any public road, street or driveway shall drive the same at any speed greater than is reasonable and proper, having regard to the traffic and use of the public road, street or driveway by others, or so as to endanger the life or limb of any person thereon.' And by virtue thereof the court charged that a violation of this section was negligence per se, and to find for plaintiff if the jury believed that the person in charge of the automobile was driving the same on a public road at a speed greater than was reasonable and proper, having regard to the traffic and use of the road, or so as to endanger the life or limb of persons who might be thereon in the exercise of ordinary care for themselves, if such conduct was the proximate cause of plaintiff's injuries. It is objected that the section of the law quoted is unconstitutional and can not be enforced as a penal statute, because it is so vague and indefinite that it is not susceptible of enforcement as such. It is unnecessary to determine whether or not the statute is subject to the particular objection urged, as it was at least sufficient as a remedial statute imposing a civil duty so as to render its violation negligence per se." Sloan & Billings v. Pasche, 153 S. W. 674 (writ refused).

See also West Texas Coaches v. Madi, 26 S. W. (2d) 199; 26 A. L. R., p. 898 et seq.; Blashfield's Cyclopedia Automobile Law, Vol. 8, Sec. 5307, and Vol. 1, Sec. 733; 5 Am. Jur., pp. 541-543, Secs. 41 to 45, inclusive.

■ The exact outside boundaries of a village may not be precisely defined. Just when a motorist has entered it may present a jury question, but this does not constitute a valid reason for holding the law void for uncertainty. The motorist must determine at his peril when he crosses the unmarked corporate line of an incorporated city. This law was passed for the protection of the public, not motorists, and should be sustained, unless compelling reasons exist for declaring it void.

We are of the opinion that the evidence conclusively shows the accident happened within a village or town. Some of the undisputed evidence is:

"Q. How many are there in the block that the No. 2 refinery is in, how many houses in the block your No. 2 refinery is in?
"A. On both sides of the road?
"Q. Yes.
"A. I would say about fifteen.
 *   *   *
"Q. Mr. Smith, I will ask you to state to the jury what the situation is out there in the vicinity of this Oriental Refining Plant No. 2 in front of which this accident happened according to your testimony, with reference to houses, and places of business and so forth that are in that vicinity and up and down both sides of that road; if any, including residences, schools, drug stores, grocery stores?
"A. Well, there is a school there, drug store, ice house directly across from the plant and any number of houses around there and small grocery stores and it is a community.
 *   *   *
"A. Well, within a radius of about ten blocks, I should judge there are some hundred or hundred and fifty homes there."

■ It was not necessary to submit an undisputed issue.

The judgment of the trial court and that of the Court of Civil Appeals is reversed and judgment rendered that defendant in error take nothing by his suit.

Reversed and rendered.

Opinion adopted by the Supreme Court July 28, 1937.

Rehearing overruled October 20, 1937.