FRED COX v. STATE

No. 27,529. April 27, 1955

*Burt Barr*, Dallas, and *A. G. Henry*, Kaufman, for appellant.

*Wayne Pearson*, County Attorney, Kaufman, and *Leon Douglas*, State's Attorney, Austin, for the state.

BELCHER, Judge.

The offense is the unlawful possession of whiskey for the purpose of sale in a dry area with a prior conviction for the possession of liquor for sale in a dry area and a prior conviction for the sale of liquor in a dry area alleged for the purpose of enhancement; the punishment, a fine of $1,000.

It was stipulated that Kaufman County was a dry area.

The testimony of the state shows that at the time peace officers arrived at the residence of appellant he came out of the house onto the porch and picked up a tow sack containing something and returned into the house; that the sheriff, upon entering the house, asked one of three men in the house where appellant was and was told that appellant was in the bathroom.

The proof shows that Sheriff Becker knocked on the door of the bathroom which was locked and said "Don't pour it all out, Fred," and appellant answered "Just a minute, * * * What do you want me to do, save you a drink?", and after a short pause, appellant further said "You know, I sure hate to do this"; that during this time the sound of bottles clinking and of some-

thing being poured out of bottles into a commode or lavatory was heard in the bathroom with a frequent pause in the pouring at which time the tearing of something was heard; that the odor of alcohol was prevalent at the door of the bathroom; that appellant was in the bathroom from five to ten minutes after the sheriff first called to him and knocked on the door; that when appellant opened the door the officers found in the bathroom six empty one-half pint whiskey bottles, two empty wine bottles, several broken seals and bottle caps, and a tow sack; that the whiskey bottles had a few drops of whiskey in them. Two one-half pints of whiskey were found on the kitchen cabinet.

Appellant did not testify, but offered evidence that two of the persons in his residence at the time the officers arrived purchased and brought the whiskey in question to his residence and that he did not own or have anything to do with it.

By Bill of Exception No. 1, appellant complains of the refusal of the court to quash the "third count" in the complaint and information because it is not an offense of like character to those alleged in the "first and second counts," and therefore cannot be used for the purpose of enhancement.

We have held that the sale of intoxicating liquor in a dry area and the unlawful possession of such liquor in a dry area are offenses of like character and that either can be used for the enhancement of punishment in the trial for the other. Lenore v. State, 137 Texas Cr. R. 417, 129 S.W. 2d 657; Gallagher v. State, 142 Texas Cr. R. 133, 151 S.W. 2d 819; Butler v. State, 160 Texas Cr. R. 425, 271 S.W. 2d 658.

Appellant contends that the court erred in failing to properly charge the jury on the law of circumstantial evidence, and further urges error by the court's refusal to give his special requested charge on circumstantial evidence.

The state's case rests upon circumstantial evidence.

The trial court instructed the jury on the statutory prima facie evidence rule, and further charged that "In this case, on the issues of first, the existence of more than one quart of whiskey, and second the possession of the whiskey, the State relies in part for a conviction upon circumstantial evidence," and then undertook to apply the law of circumstantial evidence to the facts as to whether there was more than one quart of

whiskey and also as to whether appellant possessed such whiskey.

The above quoted part of the court's charge is on the weight of the evidence in that it singles out certain facts and charges the jury with reference to circumstantial evidence as to such facts alone. The rule of circumstantial evidence applies to all the facts in a case, and not to any particular fact or set of facts, therefore such instruction was erroneous. Pabst v. State, 96 Texas Cr. R. 617, 259 S.W. 577; Germany v. State, 109 Texas Cr. R. 180, 3 S.W. 2d 798; Murray v. State, 113 Texas Cr. R. 98, 18 S.W. 2d 921; Montgomery v. State, 157 Texas Cr. R. 44, 246 S.W. 2d 209.

For the error pointed out, the judgment is reversed and the cause remanded.

Opinion approved by the court.