Douglas DANIEL, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–01082–CR.

Court of Appeals of Texas,
Dallas.

Feb. 22, 1983.

Rehearing Denied March 18, 1983.

Roy Merrill, Dallas, for appellant.

Henry Wade, Dist. Atty., W.T. Westmoreland, Jr., Asst. Dist. Atty., for appellee.

Before GUITTARD, C.J., and SPARLING and VANCE, JJ.

VANCE, Justice.

Appeal is from a conviction by a jury for the offense of murder. Punishment was assessed by the court at twenty years. The appellant presents nineteen grounds of error. In addition to the sufficiency of evidence, this court will only address those grounds that are dispositive of the appeal and which might occur in a retrial. We reverse and remand.

■ In ground of error one the appellant contends that the evidence is insufficient to support the verdict and judgment of guilty. The evidence shows that the appellant met Robert Robinson for the first time on March 5, 1975. Later that same day the appellant accompanied Robinson as he met Blake Ames Chitwood on the pretense of selling Chitwood "some pills." The three men proceeded to a secluded area in the country. Appellant told Chitwood that "I was going to my house and get the dope." Appellant proceeded to drive up the road about ¾ of a mile and after a short delay returned to the location where Robinson and Chitwood were waiting. Upon appellant's return Robinson proceeded to rob Chitwood of $101 at the point of the shotgun Robinson was holding. Robinson had Chitwood lie face down on the ground and then shot Chitwood in the back of the head with the shotgun. Robinson then handed appellant a pistol and asked him if he "was going to shoot him." Appellant then shot Chitwood twice with the pistol. Appellant and Robinson then drove away from the scene. After Robinson discovered the wood stock to the shotgun was missing, the two men returned to the scene. Robinson said Chitwood "is still breathing." Robinson loaded the shotgun and shot Chitwood again. Robinson then reloaded the shotgun, handed it to appellant, and said, "here you shoot him again." Appellant then shot Chitwood in the back of the head. Appellant and Robinson then fled the scene.

On March 7, 1975, the appellant and Robinson were arrested. At the time of the arrest the authorities seized a sawed-off shotgun, which the evidence showed was the shotgun which had fired the shotgun shells, and wadding recovered at the scene of the killing. A pistol recovered from the appellant's residence was shown through ballistics evidence to have been the pistol that fired the spent bullet recovered from the body of Chitwood. Viewing the evidence in the light most favorable to the verdict, as we must (Jones v. State, 442 S.W.2d 698, 702 [Tex.Cr.App.1969], cert. denied 397 U.S. 958, 90 S.Ct. 967, 25 L.Ed.2d 143 [1970]), we find that the evidence is sufficient to support the jury verdict and the judgment of guilty. Ground of error one is overruled.

■ Appellant's grounds of error two, three, four, and five attack the manner in

which the court instructed the jury on the law of circumstantial evidence. The charge provided the jury could find appellant guilty of murder under any one of three theories: (1) that appellant, acting alone, caused the death; (2) that appellant, acting as a party to the offense with Robinson, caused the death; or (3) that appellant conspired with Robinson to rob Chitwood, and Robinson caused the death in furtherance of the conspiracy. The conspiracy theory was submitted in paragraph "C" of the charge. The application portion of the charge provided:

A. Now if you should find and believe from the evidence beyond a reasonable doubt that on or about the 6th day of March, 1975, in Dallas County, Texas, the defendant, Douglas Daniel, did then and there intentionally or knowingly cause the death of Blake Ames Chitwood, an individual, by shooting Blake Ames Chitwood with a firearm, you will find the defendant guilty of the offense of murder and return your verdict to this court.

B. You are further instructed that if you find and believe from the evidence beyond a reasonable doubt that Robert D.J. Robinson on or about the 6th day of March, 1975, in Dallas County, Texas, did then and there intentionally or knowingly cause the death of Blake Ames Chitwood, an individual, by shooting Blake Ames Chitwood with a firearm, and you further find beyond a reasonable doubt that the defendant, Douglas Daniel, acting with the intent to either promote or to assist Robert D.J. Robinson in the commission of the killing of Blake Ames Chitwood either solicited or encouraged or directed or aided or attempted to aid Robert D.J. Robinson in the killing of Blake Ames Chitwood, you will find the defendant guilty of the offense of murder and return your verdict to this Court.

C. You are further instructed that if you find and believe from the evidence beyond a reasonable doubt that on or about the 6th day of March, 1975, in Dallas County, Texas, the defendant, Douglas Daniel, and Robert D.J. Robinson, had knowingly entered into a conspiracy as hereinbefore defined to commit the offense of aggravated robbery, as hereinbefore defined, of Blake Ames Chitwood, and that in the attempt by Douglas Daniel and Robert D.J. Robinson to carry out the conspiracy if any, of the aggravated robbery of Blake Ames Chitwood, that Robert D.J. Robinson did intentionally or knowingly cause the death of Blake Ames Chitwood, an individual, by shooting him with a firearm, and you further find beyond a reasonable doubt that the killing of Blake Ames Chitwood by Robert D.J. Robinson was committed by Robert D.J. Robinson in furtherance of the unlawful purpose and you further find beyond a reasonable doubt that the killing of Blake Ames Chitwood by Robert D.J. Robinson should have been anticipated by the defendant, Douglas Daniel, as a result of the carrying out of the conspiracy, then you will find the defendant guilty of the offense of murder and return your verdict to the Court.

Unless you believe that the defendant, Douglas Daniel, committed the offense of murder as set forth in paragraph A, or paragraph B, or paragraph C set out above beyond a reasonable doubt or if you have a reasonable doubt thereof you will find the defendant not guilty.

The court's charge on circumstantial evidence provided:

*Paragraph C* (emphasis added) set forth above depends for conviction on circumstantial evidence. In order to warrant a conviction for a crime on circumstantial evidence, each fact necessary to the conclusion sought to be established must be proved by competent evidence, beyond a reasonable doubt; all the facts (that is, the facts necessary to the conclusion) must be consistent with each other and with the main fact sought to be proved, and the circumstances, taken together, must be of a conclusive nature, leading, on the whole to a satisfactory conclusion and producing, in effect, a reasonable and moral certainty that the accused, and no other person, excpt [sic] a person acting with the defendant as a

party thereto, committed the offense charged.

But in such cases it is not sufficient that the circumstances coincide with, account for, and therefore render probable the guilt of the defendant. They must exclude, to a moral certainty, every other reasonable hypothesis exept (sic) the defendant's guilt, and unless they do so beyond a reasonable doubt you will find the defendant not guilty *under paragraph C above.* (emphasis added)

The trial court denied appellant's written objections to the charge on circumstantial evidence. These written objections had in substance complained that the charge on circumstantial evidence (1) was a comment on the weight of the evidence, (2) implied to the jury that it is the judge's opinion that there is direct evidence sufficient to convict under both paragraphs "A" and "B," and (3) should not have had any limitations placed on the law of circumstantial evidence as it might apply in the case.

We agree that the trial court erred, and that the charge on circumstantial evidence had the effect of commenting on the weight of the evidence. By limiting reference of the circumstantial evidence charge to the conspiracy paragraph the court erroneously charged the jury on circumstantial evidence as to a particular set of facts alone. The Court of Criminal Appeals in *Cox v. State,* 161 Tex.Cr.R. 421, 278 S.W.2d 155 (1955), said:

> "The rule of circumstantial evidence applies to all the facts in a case, and not to any particular fact or *set of facts, . . ."* (Emphasis added) at p. 156.

*also see Montgomery v. State,* 157 Tex.Cr.R. 44, 246 S.W.2d 209 (Tex.Crim.App.1952). Accordingly, the judgment must be reversed.

■ In grounds of error seven and nine the appellant contends that the trial court erred in (1) failing to charge on causation, and (2) failing to charge on the defensive theory regarding the cause of death. The medical evidence presented by the State showed that Chitwood had suffered three shotgun wounds to the head and two gun-shot wounds, one to the left shoulder and one to the ear. The expert medical evidence was that "any one of the shotgun wounds would have caused his death immediately." The appellant in his written requested instructions had asked that the jury be charged substantially as follows:

> You are further instructed, that even though you should find and believe from the evidence beyond a reasonable doubt that on or about the sixth day of March, 1975, in Dallas, Texas, the defendant, Douglas Daniel, did then and there intentionally or knowingly shoot Blake Ames Chitwood with a firearm, that you further find or have a reasonable doubt that at that very time, Blake Ames Chitwood was dead, then you cannot convict the defendant for murder acting alone as heretofore defined and given to you in this charge.

Appellant's objections and the above requested instruction were sufficient to call to the attention of the trial court that the appellant was entitled to an affirmative submission of the defensive theory that if the jury found that Chitwood was already dead when the appellant shot him, then the appellant could not be found guilty of murder under paragraph "A" of the charge. Consequently, the trial court erred in failing to instruct the jury as requested. *Hill v. State,* 585 S.W.2d 713, 714–715 (Tex.Cr.App.1979). *See Aguillar v. State,* 153 Tex.Cr.R. 509, 221 S.W.2d 242, 245 (Tex.Cr.App.1949).

The judgment is reversed and the cause is remanded.