### SAM HIGH v. THE STATE.

#### No. 4292.  Decided March 11, 1908.

#### Rehearing Denied.  Oct. 21, 1908.

**1.—Murder—Charge of Court.**

Where upon trial for murder the State's evidence rested upon admissions of defendant and other circumstances, the State's theory being assassination and that of the defense self-defense, there was no error in charging upon the different degrees of murder.

**2.—Same—Charge of Court—Murder in Second Degree—Manslaughter.**

Where upon trial for murder the defendant was convicted of manslaughter, alleged errors in a charge of murder in the second degree will not be reviewed on appeal.

**3.—Same—Charge of Court—Manslaughter—Self-Defense.**

Where upon trial for murder the theory of the State was assassination and that of the defense self-defense but the court nevertheless charged on manslaughter, of which offense the defendant was convicted, he could not complain although there was slight ground in the record to justify the court to submit the issue of manslaughter. Following Brown v. State, 50 S. W. Rep., 354, and other cases.

**4.—Same—Copy of Venire—Bill of Exceptions.**

Where no bill of exceptions was reserved to the ruling of the court in overruling the motion to quash the venire, the same could not be considered on appeal.

**5.—Same—Charge of Court—Circumstantial Evidence.**

Upon trial for murder where the evidence of guilt rested partially on defendant's admission and not wholly upon circumstantial evidence it was not necessary to charge on circumstantial evidence.

**6.—Same—Evidence—Impeachment of Witness.**

Where upon trial for murder, one of defendant's witnesses testified that he could not detect any tracks or evidence thereof along side of a certain tree, where it was supposed the defendant had stood when he fired the shot, it was no error on cross-examination, in order to lay predicate for impeachment, to ask whether the witness had not stated: "Here is where the scoundrel stood

who did the killing, right by this tree," which was denied by the witness, and the State permitted to show in rebuttal that the witness did make such statement, which testimony was limited to impeachment. This was not an expression of opinion merely but amounted to a statement that the witness saw tracks at or near said tree.

### 7.—Same—Statutes Construed.

Under article 817 Code Criminal Procedure subdivision 9, the mere fact that a defendant has not received a punishment to which he was justly entitled, would be no reason why he should not be punished at all.

Appeal from the District Court of Harrison. Tried below before the Hon. W. C. Buford.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Harrison & Davidson,* for appellant.—The court erred in charging the jury on the law of manslaughter, because the testimony developed upon the trial, both on the part of the State and the defendant, fails to show that there was any element of manslaughter surrounding the homicide, because State's theory of the case was, that the defendant was standing behind the tree and waited patiently until Dave Pilot drove up and got in the position he wanted him in, and then fired on him from ambush and killed him, which makes the State's theory strictly one of murder in the first degree, and nothing more. The defendant's theory of the case, was that he was walking from the foot log down the path to the road and accidentally met Dave Pilot, when the deceased grabbed his winchester, fired on him, the defendant, at which time the defendant fired on the deceased and killed him in his own self-defense, and to protect his life. Clore v. State, 26 Texas Crim. App., 624; Orman v. State, 24 Texas Crim. App., 495; Warren v. State, 31 Texas Crim. Rep., 573; Willis v. State, 15 Texas Crim. App., 118; Buntain v. State, id., 515; Holder v. State, 13 Texas Crim. App., 601.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—Appellant was indicted in the District Court of Harrison County for the murder of one Dave Pilot. He was tried on the 9th day of November, 1907, and such trial resulted in a verdict for manslaughter—his punishment being assessed at two years confinement in the penitentiary.

Appellant proved a most excellent reputation as a quiet, peaceful and inoffensive man. There were no eyewitnesses to the killing, and except for the admissions of appellant, which shall be hereafter noted, the case rested upon circumstantial evidence. Both parties lived near the village of Wood Lawn in Harrison County, Texas. At the time of his death, the deceased was shown to have had a

winchester rifle. Appellant had a shotgun. The deceased was riddled with shot from his waist up to his shoulders. As stated, appellant admitted to a number of witnesses, including Henry King, Josh Callaway, as well as his kinsman, Rufus High, that he had killed the deceased, Dave Pilot, but made to none of them any explanation or gave any reason or account of why he had done so. It was the theory and contention of the State that the killing was by assassination, and there was some testimony tending strongly to support this contention. There was shown to have been a large tree a short distance from where the dead body of the deceased lay when found. Some of the witnesses testify to seeing tracks near this tree, and one witness, Clay Callaway, says he picked up two shotgun wads near this tree, some eight or ten steps from where the body lay, which was about fifteen steps from the tree in question; that these were wads of an ordinary breech-loading shotgun, and were in range between the tree and the body of deceased. It was shown in the testimony and admitted by appellant that neither himself nor his family were on good terms with deceased. They seemed a short while before this to have had some trouble over a dog that had been bothering some turkeys belonging to the family of appellant. It was also shown that appellant, after the killing, took not only his own gun, but the rifle which had been in the possession of deceased home with him, giving as a reason for this, that he did not want the gun to get back into the hands of his enemies, and that he kept it for his own defense. This is a sufficient statement of the case to illustrate the questions discussed.

Appellant raises many questions both in his printed brief and in oral argument before this court. We have thought from an examination of this brief as well as the motion for a new trial, the positions assumed by counsel for appellant are somewhat contradictory, but the assignments are all well presented, and are of such character as to require consideration and treatment by us.

The contention is made that the court below erred in submitting to the jury murder in the first degree, for the reason, as above stated, that the evidence introduced on the part of the State was not of that degree of certainty which would justify the court in rendering a judgment upon a verdict of the jury finding the defendant guilty of murder in the first degree. We believe that the issue of murder in the first degree was raised by the testimony, and that the evidence considered altogether presented a strong case of assassination, and that the court did not err in submitting murder in the first degree to the jury.

A like contention was made that the court erred in charging the jury on the law of murder in the second degree, and for the same reason, that the testimony did not raise the issue of murder in the second degree, and was not of that degree of certainty which would justify the court in rendering a judgment upon a verdict of

the jury, finding the defendant guilty of that degree of murder. We think and hold there is no merit in this contention.

Complaint is also made by the third assignment of error that the court erred in defining murder in the second degree, and various grounds of complaint of this charge are urged in appellant's brief. It is well settled in this State that, where there is a conviction for manslaughter, that errors in the charge in respect to murder will not be reviewed by this court. See Griffin v. State, 53 S. W., 848, and Gonzales v. State, 35 Texas Crim. Rep., 33.

Again, complaint is made that the court erred in charging the jury on the law of manslaughter, because the testimony developed on the trial, as claimed by appellant, both on the part of the State and the defendant, fails to show that there was any element of manslaughter surrounding the homicide, because the State's theory of the case was that the defendant was standing behind the tree and waiting until deceased drove up and got in position to be shot from ambush, whereas the defendant's theory was that he was walking along down a path to the road and accidentally met the deceased, who opened fire on him, and he killed deceased in his necessary self-defense.

It is urged by counsel for appellant that the testimony fails to show any sudden passion arising from adequate cause, and that it fails to show any cause reducing the homicide from murder to manslaughter, and that the evidence fails to show any provocation on the part of deceased that would cause the defendant to act at all except in his own necessary defense. It is claimed that the evidence fails to show any cause which would produce a degree of anger, rage, sudden resentment or terror sufficient to render the mind incapable of cool reflection, except the cause that made the defendant act in his own necessary self-defense. It must be confessed that there is slight ground in the record to justify the court to submit the issue of manslaughter. It has, however, not infrequently been held in this State that the issue of manslaughter does arise in cases where a defendant's testimony makes a case of clear self-defense. Whatever, as an original proposition, might be our view as to whether manslaughter arose in the case, it is, we think, clear that under our law the fact that the issue of manslaughter was submitted and a conviction had therefor, can not avail appellant, from the mere fact that if guilty at all he was guilty of a higher grade of homicide. Subdivision 9 of article 817 of the Code of Criminal Procedure is, as follows: "Where the verdict is contrary to law and evidence. A verdict is not contrary to law and evidence, within the meaning of this provision, where the defendant is found guilty of an offense of inferior grade to, but of the same nature as the offense proved." And it has been held (Fuller v. State, 30 Texas Crim. App., 559) that "Where there has been a trial for murder and a conviction for murder in the second degree, which was set aside, if the evidence on the second trial establishes

a murder on express malice and murder in the first degree, this does not constitute such variance between the allegations and proof as would entitle defendant to an acquittal, but he may legally be convicted upon such proof of murder in the second degree." And we have uniformly declined to grant a new trial solely because the evidence suggested or even tended more strongly to support a higher grade of offense than that of which appellant was convicted. The holding indeed has been uniform that where the accused might have been convicted of murder, but was in fact convicted of manslaughter, he was not harmed by a charge on manslaughter. See Brown v. State, 50 S. W. Rep., 354, and Chapman v. State, 53 S. W. Rep., 103.

Again, it is insisted that the court erred in overruling defendant's motion to quash the venire, because, as stated in said motion, appellant had not been served with a copy of same, although he had been out on bond. This can not be reviewed for the reason that there is no bill of exceptions in the record saving the point, or authenticating in any proper manner the facts arising on such motion.

Complaint is made in the seventh assignment of error that the court erred in refusing to give a charge to the jury on circumstantial evidence. In view of the fact that the killing of deceased was admitted by appellant, and therefore, the charge against him does not depend wholly upon circumstantial evidence, it was not error to refuse such charge. A charge on circumstantial evidence is never required where the testimony is not wholly circumstantial.

The only other ground which we deem it worth while to notice is that contained in the 11th assignment of error. Clabe Wright, a witness for the defendant, testified, among other things, to hearing the reports of the shots fired at the time of the killing. He also testified that he inspected the tree and the ground around it to see if he could arrive at any conclusion; that he inspected the large tree that stood inside of the fence opposite the body; that he could detect no tracks or evidence of where any one stood along side of the tree; that the leaves appeared a little disturbed as though a hog or bird had been there. On cross-examination and for the purpose of impeachment only, he was asked if he had a conversation with Clay Callaway on the night of the inquest about the surroundings at the place of the killing, and if he did not state that such surrounding indicated where the parties were or could have been who did the shooting, and if he did not carry Callaway to this big tree and state that, "Here is where the scoundrel stood who did the killing, right by this tree." This was denied by Wright, and the bill of exceptions shows that Clay Callaway, in rebuttal, testified that he did have such conversation. In his explanation of this bill the court says that, "the witness Clabe Wright was introduced by

defendant, and testified that he saw no place on the ground patted down by the big tree that looked like some person had stood there to waylay deceased, and that on cross-examination he was asked if he did not, at the time of the inquest, the day of the killing, point out on the ground to the justice of the peace holding the inquest, Clay Callaway, the place on the ground by the tree where it appeared the party doing the shooting had stood." If this testimony could, in the light of the entire record, be considered merely as an expression of opinion by the witness Wright as to where the person who did the killing stood, it would be clearly inadmissible; but we think the reasonable intendment of this testimony was merely to affirm and say that the witness Wright stated to the justice of the peace Callaway, that the place near the tree shown him was where it appeared from the signs seen by him that the party doing the shooting had stood, and in effect amounted to a statement by said witness that he saw tracks at or near said tree. The court further states, in his explanation allowing the bill, that this testimony was admitted for the purpose of affecting the credibility of the witness Clabe Wright, and was so limited in the charge. Our view of the intent and meaning of the witness in using this language is made manifest, we think, by reference to the charge limiting this testimony, which is as follows: "The testimony of the witness Clay Callaway, as to what the witness Clabe Wright, showed him on the ground, at the place where the homicide was charged to have been committed, was admitted for the purpose only of enabling you to judge the credibility of the witness, Clabe Wright, and you will not consider such testimony for any other purpose."

We have carefully gone through the entire record, aided by the well prepared brief of counsel for appellant, and in the light of their oral presentation of the case. We have been deeply impressed by our investigation of the case that the killing was either an assassination or self-defense. We think that subdivision 9 of article 817 of our Code of Criminal Procedure was intended to meet just such cases as this. In other words, the purpose of that article is to declare that the mere fact that a defendant has not received at the hands of the jury the punishment to which he was justly entitled, should be no reason why he should not be punished at all. We think appellant may well be congratulated that the jury did not visit upon him a more severe penalty.

There being no error, as we believe, in the record, the judgment of the court below is affirmed.

*Affirmed.*

[Motion for rehearing overruled without written opinion, October 21, 1908.—Reporter.]