### Santiago Munoz v. The State.

#### No. 4571.  Decided October 10, 1917.

1.—Aggravated Assault—Assault to Murder—Degree of Offense—Rule Stated.

It is not reversible error for the State to carve out an inferior degree of an offense if it was included within the possible higher offense, and the conviction for the offense charged can be pleaded in bar of a prosecution for the higher offense, if the higher offense was complete at the time.  Following Butler v. State, 48 Texas Crim. Rep., 529.

2.—Same—Aggravated Assault—Assault to Murder.

Where the county attorney filed an information in the County Court charging defendant with aggravated assault for which he was convicted, the contention that the court should have instructed the jury to acquit defendant because the evidence showed an assault with intent to murder instead of an aggravated assault was untenable.

Appeal from the County Court of Bexar.  Tried below before the Hon. Nelson Lytle.

Appeal from a conviction of aggravated assault; penalty, one year and six months confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.—Cited cases in opinion.  Also Davis v. State, 42 S. W. Rep., 290; Foster v. State, 25 Texas Crim. App., 543.

DAVIDSON, Presiding Judge.—Appellant was convicted of aggravated assault, his punishment being assessed at one year and six months imprisonment in the county jail.

The contention mainly relied upon for reversal is that the court should have instructed the jury to acquit because the evidence showed an assault with intent to murder instead of aggravated assault, and that the facts showed only an assault with intent to commit murder. This is presented in several ways.  We can not agree with appellant's contention on this proposition.  The prosecuting officers had all the

facts before them and took the affidavit as a basis for the information charging aggravated assault. The evidence doubtless would justify a verdict for assault to murder had appellant been tried upon that theory, but it occurs to us under the authorities and law as understood that, while the facts might have justified a higher conviction, it would not be reversible error for the State to carve out an inferior degree of an offense, if it was included within the possible higher offense, and that the conviction for the offense carved could be pleaded in bar of a prosecution for the higher offense, if the higher offense was complete at the time. The authorities sustain this proposition. Among other cases we refer to Butler v. State, 48 Texas Crim. Rep., 529. This is practically the only question in the case.

The judgment will be affirmed.

*Affirmed.*