ROY WASHINGTON LOUD V. STATE

No. 29,458. April 9, 1958.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) April 30, 1958.

*Jack C. Morgan,* Kaufman, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

ON MOTION TO REINSTATE APPEAL

WOODLEY, Judge.

Notice of appeal has been entered and the appeal is reinstated.

The complaint and information alleged the sale of whisky in a dry area to Harold G. Burns on or about May 2, 1957; and alleged that prior to the commission of said offense by appellant, he was duly and legally convicted on January 17, 1957, in the same court for possession of intoxicating liquor for sale in a dry area in Cause No. 6560.

A second prior conviction was also alleged, but objection was sustained when the state inquired of the county clerk as to the judgment of conviction therein being shown in the records, and the jury was instructed not to consider it.

Harold G. Burns, undercover agent for the Texas Liquor Control Board, testified that he went to appellant's home in Terrell, Kaufman County, Texas, on May 2, 1957, at night and purchased from him two half-pints of Old Crow whisky, for which he paid him $4.50; and that he delivered the whisky to his boss, L. L. Newman, after tagging it with a tape showing the name, address and time and date of purchase, and signing it.

It was proved and also stipulated that Kaufman County was a dry area.

Judgment of conviction in Cause No. 6560 was offered in evidence and appellant was identified as the defendant in that cause. The judgment recites that the cause was called for trial and the defendant pleaded guilty on January 17, 1957, and it was shown that the judgment entry was approved on February 7, 1957, and the fine and costs were paid April 22, 1957.

It was thus established that appellant sold whisky in a dry area on May 2, 1957, after he had on January 17, 1957, been convicted for possession of intoxicating liquor for the purpose of sale in a dry area, and had satisfied such judgment by paying the fine and costs assessed.

We find the evidence sufficient to sustain the jury's verdict.

The unlawful sale of whisky in a dry area and the unlawful possession of intoxicating liquor in a dry area for the purpose of

sale are offenses of like character, and the prior conviction for possessing intoxicating liquor in a dry area for the purpose of sale was available to enhance the punishment for the sale of whisky in a dry area, under Art. 61 P.C. See Gallagher v. State, 142 Texas Cr. Rep. 133, 151 S.W. 2d 819; Cox v. State, 161 Texas Cr. Rep. 421, 278 S.W. 2d 155.

Appellant did not testify. He complains that the state was permitted to prove that he admitted his guilt to the county attorney.

The evidence shows that the oral confession of the appellant to the county attorney was made after he had been released on bond, and not while he was under arrest. Hence, no error is shown in its admission.

There are two bills of exception relating to argument of the county attorney. One complains of the remark "You as jurors, determine what type of law enforcement we have in this county. It's you as jurors who determine whether our county will be a county of law or a county of men." We see no error in the remark.

The other bill complains that the trial court permitted the county attorney to make an oral argument after counsel for appellant announced at the close of the opening argument by the assistant county attorney that he waived argument.

Under the provisions of Art. 648 C.C.P., the court did not err in permitting the county attorney to argue the case. See Ross v. State, 133 Texas Cr. Rep. 268, 110 S.W. 2d 60; Vines v. State, 31 Texas Cr. Rep. 31, 19 S.W. 545.

Other contentions of error have been considered and are overruled.

The judgment is affirmed.