**Joseph Lee BONNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41214.**

Court of Criminal Appeals of Texas.

April 24, 1968.

Lawrence R. Green, Dallas, for appellant.

Henry Wade, Dist. Atty., Charles Caperton, Arch Pardue and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for felony theft; the punishment, ten years.

The appellant urges as grounds of error that the evidence is insufficient to support the conviction for the reason that the state introduced in evidence exculpatory statements which it did not disprove; and that the trial court refused to give his requested charge to the jury that the exculpatory statements are regarded as true unless disproved, and if the state has failed to disprove such statements to find him not guilty.

Officer Hand, a state's witness, testified on direct examination that after observing an automobile being driven along a public street he checked and determined that it was on his stolen car list, and then he pursued it until it turned into and stopped in a residential driveway; that he approached the automobile and told the driver (appellant) that he was "under arrest for driving a stolen automobile." At this time the driver said "he didn't know the car was stolen, he had got it from a friend of his" whose first name was "James."

While testifying, Officer Hand identified the appellant as the man driving the automobile.

Testifying in his own behalf, the appellant stated that he never stole the car but borrowed it from a friend, and did not know it was stolen.

■ Where the state introduces statements in evidence which are exculpatory, it is ordinarily incumbent upon the court to instruct the jury that the exculpatory statements are regarded as true unless disproved. This rule does not apply where the accused testifies before the jury in accordance with such exculpatory statements and his defensive theory is fairly submitted to the jury. 1 Branch 2d 103, Sec. 95; Madden v. State, 171 Tex.Cr.R. 80, 344 S.W.2d 690; Vaughns v. State, 172 Tex.Cr.R. 465, 358 S.W.2d 133.

■ In the instant case, appellant testified substantially in accordance with such exculpatory statements, but his defensive theory was not submitted to the jury.

The appellant timely and properly made and reserved his objections to the failure of the court to charge on his exculpatory statements. His defensive theory that he had borrowed the car from a friend and did

not know it was stolen was not submitted to the jury.

For the failure of the trial court to charge the jury as pointed out, the judgment is reversed and the cause is remanded.