**Larry Ray DANIEL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 65357.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 15, 1984.

Norman Arnett, Rotan, for appellant.

Frank Ginzel, Dist. Atty., Colorado City, Russell L. Carroll, Asst. Dist. Atty., Sweetwater, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for voluntary manslaughter under an indictment charging murder. The punishment, assessed by the jury, was 20 years' imprisonment.

Judge Carl Dally, as a Commissioner for this court, prepared an opinion in this cause. The following portion of that opinion is adopted as the opinion of the court:

"The appellant asserts that the trial court erred in admitting his confessions in evidence and in failing to submit a requested charge to the jury. He also asserts the evidence is insufficient to sustain his conviction. All four grounds of error will be overruled and the judgment affirmed.

"Two confessions were admitted in evidence, which the appellant says should not have been admitted because they fail to show on their face, as required by Article 38.22 V.A.C.C.P., that he was advised of his constitutional rights. The record clearly shows, and the appellant does not otherwise contend, that before the confessions were made, there was full compliance with *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and Article 15.17 V.A.C.C.P. However, the confessions do not satisfy the requirement of Article 38.22 V.A.C.C.P. that confessions 'show on the face of the statement' that before making the statement the appellant was warned and advised either by a magistrate as required by Article 15.17 V.A.C.C.P., or he received from the person to whom the statement is made the warnings and advice required by Article 38.22, Section 2(a)(1)(2)(3)(4) and (5), V.A.C.C.P.

"Article 38.22 in pertinent part provides:
" 'Sec. 2. No written statement made by an accused as a result of custodial interrogation is admissible as evidence against him in any criminal proceeding unless it is shown on the face of the statement that:
" '(a) the accused, prior to making the statement, either received from a magistrate the warning provided in Article 15.-17 of this code or received from the person to whom the statement is made a warning that:
" '(1) he has the right to remain silent and not make any statement at all and that any statement he makes may be used against him at his trial;
" '(2) any statement he makes may be used as evidence against him in court;
" '(3) he has the right to have a lawyer present to advise him prior to and during any questioning;
" '(4) if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning; and

" '(5) he has the right to terminate the interview at any time; and

" '(b) the accused, prior to and during the making of the statement, knowingly, intelligently, and voluntarily waived the rights set out in the warning prescribed by Subsection (a) of this section.'

"The first confession was made on March 4, 1979; the second confession was made on March 19, 1979. On March 4, after the first confession was made, the appellant was released on bail. On March 19, 1979, accompanied by his father he came to the Police Department Building in Rotan. The appellant's rights were again explained to him. His father was present when he made this second confession to the Chief of Police. The statement was written in longhand and, after it was completed, the Chief of Police took it to the City Hall to have it typed. The appellant and his father met the Chief of Police at the City Hall after the statement was typed. The appellant was given both the handwritten statement and the typed statement to read. He thereafter signed the typewritten confession; he remained free on bond thereafter.

■ "The second confession made on March 19, although made after all of the warnings required by *Miranda v. Arizona*, supra, and Article 38.22 V.A.C.C.P., was not made while the appellant was in custody since he was on bail. Since the appellant was not in custody when he made the second confession, its admission is not controlled by the provisions of Article 38.22 V.A.C.C.P. *Thumann v. State*, 466 S.W.2d 738 (Tex.Cr.App.1971); Cf. *Loud v. State*, 166 Tex.Cr.R. 195, 312 S.W.2d 256 (1958). The second confession was properly admitted in evidence even though it did not show on its face compliance with the requirements of either Article 15.17 or 38.22 V.A.C.C.P.

■ "Although the record shows that the appellant before making the first confession was warned and advised of all his constitutional rights, waived them and made a voluntary written confession, it was inadmissible because it failed to show on its

face that the appellant had been warned and advised of his rights as required by Article 38.22 V.A.C.C.P. Even though it should not have been admitted, its admission was not reversible error, since the improper admission of evidence does not constitute reversible error if the same facts are proved by other properly admitted evidence. *Porter v. State*, 623 S.W.2d 374 (Tex.Cr.App.1981); *Perez v. State*, 608 S.W.2d 634 (Tex.Cr.App.1980); *Brantley v. State*, 522 S.W.2d 519 (Tex.Cr.App.1975); *Gutierrez v. State*, 502 S.W.2d 746 (Tex.Cr. App.1973); *Wilder v. State*, 583 S.W.2d 349 (Tex.Cr.App.1979); *Lovel v. State*, 538 S.W.2d 630 (Tex.Cr.App.1976); *Lassere v. State*, 458 S.W.2d 81 (Tex.Cr.App.1970). Since the second confession is more complete with more details and it was properly admitted in evidence, the admission of the first confession is not reversible error.

"Next the appellant complains that the court refused to submit his specially requested charge on exculpatory statements. The appellant timely offered a specially requested charge specific enough to direct the court's attention to his desire that a charge on exculpatory statements be submitted to the jury. The appellant designates parts of both confessions which he argues entitled him to the requested charge. In the first confession:

" 'The other wet back told everyone not to move and started to draw a gun. I told him to "hold it" and then I drew my gun and shot him.'

"In the second confession:

" 'The wetback with the blue jacket turned around in the door of the small room in Donny's Place and he pulled his gun. I told him to hold it and he pulled his gun. I came with my gun and beat him to the draw, shot, and then I ran out in the back behind Donny's Place.'

"The appellant did not testify and offered no evidence at the guilt-innocence phase of the trial. The trial court submitted to the jury a charge on self defense. The appellant cites and relies solely on *Bonner v. State*, 426 S.W.2d 869 (Tex.Cr.

App.1968), which stated the well known rule that:

> " 'Where the state introduces statements in evidence which are exculpatory, it is ordinarily incumbent upon the court to instruct the jury that the exculpatory statements are regarded as true unless disproved. This rule does not apply where the accused testifies before the jury in accordance with such exculpatory statements and his defensive theory is fairly submitted to the jury.' (P. 870).

The appellant reasons that since he did not testify at the guilt-innocence phase of the trial the portions of the confessions quoted entitled him to the charge requested.

"A statement is not exculpatory unless it exculpates. In similar cases this Court has held that a statement, 'The big fellow started after me and I shot him twice,' was not exculpatory and did not even raise the issue of self defense. *Perez v. State*, 160 Tex.Cr.R. 376, 271 S.W.2d 281 (1954). In *Mendez v. State*, 168 Tex.Cr.R. 315, 327 S.W.2d 454 (1959), a portion of the defendant's confession introduced in evidence read:

> " 'Everytime I started closing the place I always put my pistol, 38 light weight snub nose revolver, in my back pocket and I did the same thing then. Barney (the deceased) then called me and I went over to him and we walked out the back door together. He asked me again for some money, fifty dollars, and I told him no that I needed it for the trip. He backed off a little and put his hand in his pocket. I had had trouble with him before so I pulled out my pistol and started firing at him at close range. The first shot hit him in his face, he spun off the porch, fell and I kept firing at him. I shot at him about four times.' (327 S.W.2d p. 455)

"This Court said:

> " 'He ... contends that the portion of the confession quoted above was exculpatory, that the State failed to disprove it, and that it was fundamental error for the court to fail to so charge the jury. We

have concluded that the confession quoted does not establish self defense as a matter of law. In *Perez v. State*, 160 Tex.Cr.R. 376, 271 S.W.2d 281, 284, we said, "A statement is not exculpatory unless it exculpates. We cannot read into such a sentence ('Then a big fellow started after me and I shot him twice.') all the elements requisite to raise the issue of self defense." ' (P. 456)

"See also *Stephen v. State*, 163 Tex. Cr.R. 505, 293 S.W.2d 789 (1956).

■ "Although there is no evidence that appellant had a reasonable expectation or fear of death or serious bodily injury, the quoted portions of the statements may have been sufficient for submitting the issue of self defense to the jury, and the careful trial judge did so, but they do not show self defense as a matter of law. A charge on exculpatory statements in these circumstances would be tantamount to charging the jurors that they would have to acquit the appellant, since the record does not include any evidence to rebut these statements. The statements are not exculpatory. The court did not err in refusing to submit the requested charge."

In his last ground of error appellant contends the "evidence presented by the State is insufficient to support the conviction of appellant for manslaughter."[1]

Article 36.14, V.A.C.C.P., requires that the trial judge deliver to the jury a written charge distinctly setting forth the law applicable to the case. In the instant case the trial judge obviously considered that the evidence had raised the issue of voluntary manslaughter as he charged the jury on the same. The appellant did not object. The jury convicted appellant of voluntary manslaughter.

■ For the first time on appeal appellant raises the instant contention without the citation of any authority. In absence of an objection, no error is presented for review.

---

1. It is observed that the appellant rested with the State at the guilt stage of the trial.

■ The shooting occurred at Donny's Place, described by the State as "the bootlegger's." The deceased, a Mexican alien, was shown by the State's evidence to have been drunk at the time, having had 10 beers or so. The two extrajudicial confessions offered by the State (reflecting the deceased had a gun) and the other evidence justified the trial judge's submission of the issue of voluntary manslaughter.

■ Still further, the evidence, which shows the appellant shot and killed the deceased, is sufficient to support a conviction for the greater offense of murder. Proof of a greater offense will sustain a conviction for a lesser included offense. *Diaz v. State*, 491 S.W.2d 166 (Tex.Cr.App. 1973); *Flores v. State*, 472 S.W.2d 146 (Tex.Cr.App.1971); *McDonald v. State*, 462 S.W.2d 40 (Tex.Cr.App.1970); *Nielson v. State*, 437 S.W.2d 862 (Tex.Cr.App.1969); *Ludwig v. State*, 164 Tex.Cr.R. 295, 298 S.W.2d 166 (1956); *Tackett v. State*, 136 Tex.Cr.R. 445, 125 S.W.2d 603 (1939); *Munoz v. State*, 81 Tex.Cr.R. 629, 197 S.W. 871 (1917). Appellant's contention is without merit.

The judgment is affirmed.

CLINTON, Judge, concurring.

It is distressing that the Court simply will not come to grips with the dichotomy created by provisions of V.T.C.A. Penal Code, §§ 19.02(a)(1) and 19.04. So, faced with a challenge to sufficiency of the evidence to support a conviction for voluntary manslaughter, the majority is content to say that "the evidence, which shows the appellant shot and killed the deceased, is sufficient to support a conviction for the greater offense of murder," and then to invoke a line of decisions purporting to hold, "Proof of a greater offense will sustain a conviction for a lesser included offense." [1]

However, none could take into account teachings of the Supreme Court of the United States in *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), for it had yet to be decided. But if to satisfy due process requirements the State must prove beyond a reasonable doubt an absence of heat of passion or sudden provocation when that issue is properly raised by the evidence in a homicide prosecution, then it seems to me that when a properly charged jury finds, in effect, the State failed in its burden of proof and the accused did cause death under the immediate influence of sudden passion arising from an adequate cause, the evidence supports a conviction only for the offense of voluntary manslaughter.

We are informed by the Practice Commentary following V.T.C.A. Penal Code, § 19.05, that "Section 19.04 is basically the 1856 definition of (voluntary) manslaughter" without an enumeration of various aspects of adequate cause. Then as now—

"[t]o constitute manslaughter two things are absolutely necessary: First, sudden passion; and, second, that that passion must arise from an adequate cause. If either of these requisites are wanting, an unlawful homicide cannot be manslaughter."

*Merka v. State*, 82 Tex.Cr.R. 550, 199 S.W. 1123, 1125 (1918).

Earlier, writing for the Court in *Davis v. State*, 70 Tex.Cr.R. 37, 155 S.W. 546 (1913) Presiding Judge Davidson had characterized as "an uncontroverted proposition" that if the two requisites coexist, "the homicide is manslaughter," but if they do not, "it may be murder in one of the degrees," *id.*, 155 S.W. at 548. To the same effect are, e.g., *Redman v. State*, 67 Tex.Cr.R. 374, 149 S.W. 670, 677 (1911) and cases cited therein, including a seminal opinion in *McKinney v. State*, 8 Tex.App. 626, 645 (Ct.App.1880). The point is, of course, that while some elements of the offense of voluntary manslaughter may coincide with elements of the offense of murder, there are

---

1. See Article 40.03(9), V.A.C.C.P., providing that a verdict is not contrary to law and evidence when an accused is found guilty of "an offense of inferior grade to, but of the same nature as, the offense proved." Its predecessor article is the genesis of the old rule. See, e.g., *High v. State*, 54 Tex.Cr.R. 333, 112 S.W. 939, 940 (1908).

unique requisites for voluntary manslaughter that distinguish it from murder.[2]

Accordingly, I do not join with the majority in rejecting appellant's challenge, though I do concur in the judgment of the Court. I agree not only that the evidence justified submitting the issue of voluntary manslaughter to the jury, but also that the evidence is sufficient to support the verdict of the jury and the judgment of conviction for voluntary manslaughter.

TEAGUE, Judge, concurring.

The decisions of this Court construing and interpreting V.T.C.A., Penal Code, Section 19.04 resemble one trying to make a square peg fit a round hole. For this reason, if no other, I strongly urge that the next session of the Legislature put Section 19.04 where it belongs—under Section 19.02. I also recommend that this be done in simple language; much like the language God used when he spoke to Moses on Mount Sinai, which language was repeated by Moses in the plains of Moab. See Ex. 20:1–17; Deut. 5:6–21 (King James Version of the Bible 1611).

In the meantime, this Court should overrule *Braudrick v. State*, 572 S.W.2d 709 (Tex.Cr.App.1978, and its progeny which hold that causing death under the immediate influence of sudden passion arising from an adequate cause "is in the nature of a defense to murder that reduces that offense to the lesser included offense of voluntary manslaughter." This language is incorrect because the offense of voluntary manslaughter is a distinct and separate offense from the offense of murder. It is not a lesser included offense of the offense of murder, nor is it either a defense or in the nature of a defense to the offense of murder. By Legislative edict, it is a separate and distinct offense and this Court should treat it accordingly.

The record of this cause reflects that appellant was convicted of committing the offense of voluntary manslaughter on an indictment charging him with committing the offense of murder. In his appeal, he challenges the sufficiency of the evidence. The majority, blithely and erroneously I believe, answers his contention by stating the following: "Proof of a greater offense will sustain a conviction for a lesser included offense." It then cites seven decisions of this Court for authority. None of them, however, implicate or discuss Section 19.04. Of course, this is understandable because all of the decisions were decided prior to January 1, 1974, when the present Penal Code, which contains Section 19.04, became effective.

My research reveals that in all probability it was not until after 1900 that there became such an offense as the offense of voluntary manslaughter. Instead, the issue of whether a killing was done in sudden passion or as a result of adequate provocation was either a justification for the killing or the act of killing occurred when the defendant was acting with sudden passion, thus entitling him to have a lesser punishment assessed than that provided for the offense of murder.

I believe that in 1973 the Legislature of this State acted egregiously when it enacted Section 19.04 and expressly provided that voluntary manslaughter was a separate and distinct offense from the offense of murder. The road that this Court has since taken in interpreting Section 19.04 appears to be one and the same that this Court took when it interpreted former Article 1257c of the 1925 Penal Code. As most of us now know, this Court, in its interpretation of Art. 1257c, supra, handed down some awful decisions, to the extent that the Federal Courts intervened. For example, in *Galloway v. State*, 420 S.W.2d 721 (Tex. Cr.App.1967), this Court held that murder without malice was not a lesser included

---

**2.** "Manslaughter is an intentional killing, differentiated from murder only by the mental status of the accused, and the jury might in a proper case . . . find the defendant guilty of manslaughter, even though they believed beyond a reasonable doubt that he had intentionally killed the deceased with a deadly weapon." *Pinson v. State*, 94 Tex.Cr.R. 517, 251 S.W. 1092, 1093 (1923).

offense of the offense of murder. However, the Federal brethren then sitting in New Orleans disagreed, see *Galloway v. Beto*, 421 F.2d 284 (5th Cir.1970), and held that for double jeopardy purposes it was a separate and distinct offense. But the ruling by the Federal Court did not deter this Court from holding only three years later that the presence or absence of malice aforethought only went to the issue of punishment. See *Foster v. State*, 493 S.W.2d 812 (Tex.Cr.App.1973). Interestingly, this holding came approximately 48 years after the 1925 Penal Code was enacted and less than one year before the 1974 Penal Code was to go into effect.

The majority, however, somehow manages to reach the right result, albeit for the wrong reason. Under the present version of Section 19.04, supra, there is only one way to consider and dispose of appellant's contention that the evidence is insufficient, and that is to apply what was stated in *Jefcoat v. State*, 644 S.W.2d 719 (Tex.Cr.App.1982), namely:

> ... where a jury, as here, has found a defendant guilty of the ... offense of voluntary manslaughter it is only necessary for [the reviewing] Court to make the determination whether the evidence was sufficient to establish the offense of murder. If that determination is made, and it is unfavorable to the defendant, the defendant is in no position to complain because the finding of the jury that the defendant was guilty of voluntary manslaughter, though possibly error from the standpoint of a reviewing court, was actually error favorable to the defendant, of which he [should not be able to] complain on appeal.

Because the evidence adduced in this cause is clearly sufficient for a rational trier of fact to have concluded that appellant committed the offense of murder, I am able to concur in the disposition that the majority makes of appellant's assertion that the evidence was insufficient to sustain his conviction for voluntary manslaughter.

MILLER, Judge, concurring.

Appellant was indicted for murder but convicted by a jury of the offense of voluntary manslaughter. Among other things, appellant complains on appeal that the evidence was insufficient to support the jury's finding that he "caused the death under the immediate influence of sudden passion arising from an adequate cause", V.T.C.A. Penal Code, § 19.04(a). The majority opinion disposes of appellant's complaint by saying that voluntary manslaughter is a lesser included offense of murder and since there is in this case sufficient evidence of murder and since proof of a greater offense will sustain a conviction of a lesser included offense, then appellant's ground of error is without merit. While I agree with the result reached, I take a different path to reach the result, a path that should have been taken years ago. The first step on this journey involves a serious reevaluation of the relationship between murder and voluntary manslaughter as contained in the "new" Penal Code, V.T.C.A. Penal Code (1974).

The precursors to the present offenses of murder and voluntary manslaughter were, under Vernon's Annotated Penal Code of 1925 as amended by the Murder Act of 1927, murder with malice and murder without malice.[1] In 1974, when the new Penal

---

1. Act 1927, 40th Leg., p. 412, Ch. 274, § 1 & § 3b. Art. 1256, V.A.P.C. (1925), "Murder", provides:

   "Whoever shall voluntarily kill any person within this State shall be guilty of murder. Murder shall be distinguished from every other species of homicide by the absence of circumstances which reduce the offense of negligent homicide or which excuse or justify the killing."

   Art. 1257c, V.A.P.C. (1925), "Instructions on issue of murder without malice", provides:

   "In all cases tried under the provisions of this Act it shall be the duty of the Court, where the facts present the issue of murder without malice, to instruct the jury that murder without malice is a voluntary homicide committed without justification or excuse *under the immediate influence of a sudden passion arising from an adequate cause,* by which it is meant such cause as would commonly produce a

Code repealed Art. 1257c, murder without malice, and enacted § 19.04(a), voluntary manslaughter, the Legislature carried forward the identical wording that murder without malice/voluntary manslaughter is murder committed "under the immediate influence of [a] sudden passion arising from an adequate cause". Although this Court had rendered many decisions on the relationship of murder without malice and with malice under the old Penal Code, it was not until 1978 that we took our first (and last) close analytical look at the legal relationship between murder and voluntary manslaughter. This occurred in *Braudrick v. State*, 572 S.W.2d 709 (Tex.Cr.App. 1978).

*Braudrick* held that under the new Penal Code:

1. Voluntary manslaughter is a lesser included offense of murder.

2. "Sudden passion" [2] is akin to a defense as provided in V.T.C.A. Penal Code, § 2.03;

3. "Sudden passion" is not an element of voluntary manslaughter but if raised by the evidence its negative, that is the absence of "sudden passion", becomes akin to an element of the offense of murder;

4. The doctrine of sufficiency of the evidence applies to "sudden passion".

The *Braudrick* holdings, being an early attempt to interpret a complex area of the new and vastly complicated Penal Code, certainly accomplished several desired results. First, since voluntary manslaughter was a lesser included offense of murder, then a defendant could raise the issue of "sudden passion" and receive a charge though the indictment only contained a murder count. To say voluntary man-

slaughter was not a lesser included offense but rather was a totally different offense would have put the State to the peril of double jeopardy in every murder case since they would seldom know until trial that the issue of sudden passion was involved in the case. Secondly, since sudden passion is akin to a defense and is neither an element nor akin to an exception under § 2.02 of the Penal Code, the State need not negate "sudden passion" in the indictment. At the same time, the State is left with the burden of disproving "sudden passion" beyond a reasonable doubt as mandated by the United States Supreme Court in *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).[3] Thirdly, since the sufficiency of the evidence doctrine applies to "sudden passion", then all is in harmony with the doctrine that a verdict of guilty, for voluntary manslaughter or any other crime, must be supported by sufficient evidence. Art. 40.03(9), V.A.C.C.P. All in all, *Braudrick* must have seemed like the proverbial good idea at the time, but if the holdings in *Braudrick* are good law, one would expect that the doctrines of lesser included offense, burden of proof, and sufficiency of the evidence would apply to voluntary manslaughter in the same way that they apply to every other crime in the Penal Code. There should be no need to invent extra or special rules to accommodate only voluntary manslaughter. Unfortunately, under the reasoning of *Braudrick*, this is not the case. The holdings of *Braudrick* should be overruled.

Voluntary manslaughter is not a lesser included offense of murder because it contains, as does murder without malice, an extra factor. Voluntary manslaughter is murder plus the presence of "sudden passion." It simply does not fit the require-

---

degree of anger, rage, resentment, or terror in a person of ordinary temper sufficient to render the mind incapable of cool reflection, and in appropriate terms in the charge to apply the law to the facts as developed from the evidence." (emphasis supplied)

2. Hereinafter in this opinion the words "sudden passion" will be used as shorthand for the phrase "under the immediate influence of sud-

den passion arising from an adequate cause", as contained in Art. 1257c, V.A.P.C. (1925) and also V.T.C.A., Penal Code, § 19.04(a) (1974).

3. Of course, legislative enactment making "sudden passion" an affirmative defense has been sanctioned by the United States Supreme Court. See *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977).

ments of a lesser included offense as provided for in Art. 37.09, V.A.C.C.P. Since lesser included offenses are strictly creatures of statute, it therefore should not be called a lesser included offense. However, our desired result is to be able to include voluntary manslaughter in the court's charge where "sudden passion" is raised in a murder trial. We therefore try to make voluntary manslaughter work as a lesser included offense by inventing the extra rule that "sudden passion" is akin to a defense and, when raised, its negative (lack of sudden passion) becomes akin to an element of murder. Therefore voluntary manslaughter "sort of" fits Art. 37.09(1)[4] since it now contains "less than all the facts necessary" to prove murder. As discussed in the next paragraph, we also must fit voluntary manslaughter into Art. 37.-09(1) in order to make it fit into Art. 40.-03(9), V.A.C.C.P., as a lesser included offense.

The sufficiency of the evidence doctrine cannot apply to "sudden passion" because if there is ample evidence to support a murder conviction but no evidence to support "sudden passion" (even though a charge on voluntary manslaughter had been erroneously given by the trial judge and the jury has returned a verdict of guilty of voluntary manslaughter), then the appellate courts could be put in the ludicrous position of acquitting a defendant when there is sufficient evidence in the record that he is guilty of murder.[5] We, of course, nonetheless *make* the doctrine of sufficiency of the evidence apply because

the concept that a verdict need not be supported by the evidence is foreign to us; all the while we are comfortable in the knowledge that since we call this a lesser included offense (see discussion in previous paragraph), Art. 40.03(9) mandates an affirmance.[6] *Curtis v. State*, 573 S.W.2d 219 (Tex.Cr.App.1978).

Only a slightly more elaborate analysis is required to show that the traditional burden of proof rules cannot apply to "sudden passion." We begin with the premise that the wording of the burden of proof in the application paragraph of a court's charge should be the same whether the particular crime is the primary offense in the indictment or a lesser included offense, i.e., the application paragraph concerning assault is identical in wording whether assault be the primary offense charged or the lesser included offense (of aggravated assault, for instance). The same is true all throughout the Penal Code except with the offense of voluntary manslaughter. When voluntary manslaughter is charged as a "lesser included offense", the charge states, in substance,

"If you believe that the defendant acted under the immediate influence of sudden passion arising from an adequate cause, or if you have a *reasonable doubt* as to whether the defendant acted under the immediate influence of a sudden passion arising from an adequate cause, then you will find the defendant *guilty of voluntary manslaughter.*" *Braudrick*, at 710–711. (emphasis supplied)

4. Art. 37.09, V.A.C.C.P., provides that, "An offense is a lesser included offense if: (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged...."

5. *Braudrick* perhaps sub silentio recognized this problem when addressing the following appellant's ground of error: "Specifically, he argues there is no evidence that he was acting under the immediate influence of sudden passion arising from an adequate cause." The Court, unable to directly answer the ground of error was forced to construe it as a complaint that there was *insufficient evidence* to support the jury's finding that they had a reasonable doubt that

the murder was not committed under the immediate influence of sudden passion arising from an adequate cause.

6. Art. 40.03(9) states:
"New trials, in cases of felony, shall be granted the defendant for the following causes, and for no other:
\* \* \* \* \* \*
"(9) Where the verdict is contrary to law and evidence. A verdict is not contrary to the law and evidence, within the meaning of this provision, where the defendant is found guilty of an offense of inferior grade to, but of the same nature as, the offense proved."

Every other crime in the Penal Code would carry an instruction that the jury was to *acquit* the defendant if they had a reasonable doubt about an affirmative fact necessary to be proven in order to convict the defendant of that crime. Yet we sanction this wording because to do otherwise would lead to a court's charge that required a jury that believed beyond a reasonable doubt that the defendant was guilty of murder to: (1) convict him of murder if they believed beyond a reasonable doubt that he *did not* act under "sudden passion"; (2) convict him of voluntary manslaughter if they believed beyond a reasonable doubt that he *did* act under "sudden passion"; but to (3) acquit him if they weren't sure about the "sudden passion" issue even though they believed beyond a reasonable doubt that the defendant otherwise committed murder.[7]

*Braudrick,* a panel opinion with one judge concurring in the result and no motion for rehearing en banc filed, has lead to massive exercises in legal contortion, which were thought at the time to be necessary to achieve the desired results. What is for-

gotten is the fact that these battles were fought and won under the old Penal Code of 1925. It is forgotten that this Court had solved the riddle of the relationship between murder with and murder without malice (now murder/voluntary manslaughter) by relegating the lack of malice (the presence of "sudden passion") to the status of a *mitigating* factor.

Murder without malice (voluntary manslaughter) is *not* a lesser included offense of murder under the old Penal Code of 1925. *Galloway v. State,* 420 S.W.2d 721 (Tex.Cr.App.1967, opinion by Presiding Judge Onion). Murder with and murder without malice (murder/voluntary manslaughter) were not two offenses, rather they were one offense with two different punishment ranges. *Galloway,* supra. The presence or absence of malice was a question of punishment. *Foster v. State,* 493 S.W.2d 812 (Tex.Cr.App.1973). In *Foster,* the Court strongly implied that had the defendant requested a charge on murder without malice *at the punishment stage,* it

---

7. *Jury Charges for Texas Criminal Practice* by Paul J. McClung revised edition, 1983, at page 48 contains one solution to this quandary in the following instruction:

> "If you find from the evidence beyond a reasonable doubt that the defendant is guilty of either murder or voluntary manslaughter, but you have a reasonable doubt as to which offense he is guilty, then you must resolve that doubt in defendant's favor and find him guilty of the lesser offense, voluntary manslaughter."

This is, of course, an additional instruction not required in any other lesser included offense situation involving any other crime in the Penal Code and is but another example of the special rules that have had to be created to accommodate this Court's past treatment of murder/voluntary manslaughter. In the instant case, the application paragraphs of the court's charge were as follows:

> "Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, Larry Ray Daniel, did, in Fisher County, Texas, on or about the 4th day of March, 1979, intentionally or knowingly cause the death of an individual, to wit: Celestina Sanchez, by shooting him with a gun, and you further find beyond a reasonable doubt that, at the time the death was caused, the defendant was not acting under the immediate influ-

ence of sudden passion arising from an adequate cause, you will find the defendant guilty of murder as charged in Count 2 of the indictment. If you do not so believe, or if you have a reasonable doubt thereof, you will next consider whether the defendant is guilty of voluntary manslaughter.

> "If you believe from the evidence beyond a reasonable doubt that the defendant intentionally or knowingly caused the death of the said Celestina Sanchez by shooting him with a gun, but you further believe, or you have a reasonable doubt thereof, that the defendant caused the death under the immediate influence of sudden passion arising from adequate cause, you will find the defendant guilty of voluntary manslaughter.

> "If you do not so believe, or you have a reasonable doubt thereof, that the defendant intentionally or knowingly caused the death of the said Celestina Sanchez by shooting him with a gun, you will find the defendant not guilty.

> "If you should find from the evidence beyond a reasonable doubt that the defendant is guilty of either murder or voluntary manslaughter, but you have a reasonable doubt as to which offense he is guilty, then you should resolve the doubt in defendant's favor, and find him guilty of the lesser offense of voluntary manslaughter."

would have been proper for the trial judge to so charge the jury.

"There was no request to charge on murder without malice in the punishment phase of the trial. Since degrees of murder no longer exist, all voluntary killings being murder, the presence or absence of malice relates only to the punishment." (Citations omitted) *Foster*, supra at 813.

Finally, in *Hanks v. State*, 542 S.W.2d 413, 415 (Tex.Cr.App.1976), the Court put the matter to rest, stating:

"Moreover, appellant requested the charge at the guilt-innocence stage of the trial but did not reurge at the punishment stage. At the time of this trial [pre-1974 Penal Code], the lack of malice did not affect the question of guilt, but only that of punishment. Thus, *the proper time to have requested a charge on murder without malice was at the punishment stage.*" (Citations omitted) (emphasis supplied)

This Court has previously held that cases interpreting former Arts. 1256 and 1257c, murder with and murder without malice, are instructive in deciding present Penal Code cases involving §§ 19.02 and 19.04, Murder and Voluntary Manslaughter. See *McCartney v. State*, 542 S.W.2d 156, 160 (Tex.Cr.App.1976). Such instruction would well serve the Court here.

We should therefore hold that, just as under the old Penal Code of 1925, the issue of sudden passion is one of punishment and where raised and requested should be submitted to a jury at the punishment phase of the trial. It should be submitted in the negative, that is, phrased so that the jury must believe beyond a reasonable doubt that the defendant did *not* act under the influence of sudden passion arising from an adequate cause just as was done under

the old Penal Code. The burden of proof would thus be placed upon the State to disprove "sudden passion" beyond a reasonable doubt. Sufficiency of the evidence would only be a concern in determining if there was evidence that the defendant did not act under the influence of "sudden passion". The gymnastics of the lesser included offense doctrine could be abandoned and the issue of voluntary manslaughter could still be submitted to the jury if raised. We would accomplish all of the desired results sought in *Braudrick* in a fashion that comports with our treatment of all other crimes in the Penal Code.

Returning to the case at bar, just as in *Foster*, supra; *Braudrick*, supra; and *Brazile v. State*, 497 S.W.2d 302 (Tex.Cr. App.1973), there was no objection to the Court's charging on the issue "sudden passion" at the guilt stage of the trial. Although the issue would have been more properly submitted at the punishment stage of the trial,[8] since it was at least submitted to the jury, the defendant cannot complain that he was denied any fundamental rights. In the absence of an objection at trial, no error is presented.

As to appellant's complaint that the evidence was insufficient to support a jury finding of sudden passion, said complaint is without merit. The doctrine of sufficiency of the evidence should only apply to a jury finding beyond a reasonable doubt that a defendant did *not* act under sudden passion.[9]

Accordingly, I concur in the result.

---

8. Art. 37.07, V.A.C.C.P. (1965).

9. Under pre-1925 Penal Code cases, an appellant convicted of voluntary manslaughter was not allowed to raise the issue of sufficiency of evidence concerning "sudden passion" where there was sufficient evidence of all the elements of murder. *High v. State*, 54 Tex.Cr.R. 333, 112 S.W. 939 (1908); *Barbee v. State*, 58 Tex.Cr.R. 129, 124 S.W. 961 (1910). After enactment of

Art. 37.07, V.A.C.C.P. (1965), providing for bifurcated trial and after the *Hanks* decision providing for the charging of "sudden passion" in the punishment phase of the trial, the issue of sufficiency of the evidence would be similarly limited in application under the 1925 Penal Code concepts of murder with and murder without malice.