Affirmed; Memorandum Opinion of February 8, 2007, Withdrawn; Corrected
Memorandum Opinion filed March 22, 2007








 

Affirmed;  Memorandum Opinion of February 8, 2007, Withdrawn; 
Corrected Memorandum Opinion filed March 22, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00376-CR

____________

 

JORGE DELGADO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 351st
District Court

Harris County, Texas

Trial Court Cause No. 1044229

 



 

C O R R E C T E D   M E M O R A N D U M   O P I N I O N

We originally issued our opinion affirming the trial court=s judgment on
February 8, 2007.  We withdraw our previous opinion and substitute this
corrected opinion in its stead.[1]








Appellant, Jorge Delgado, appeals following his conviction
of aggravated robbery and sentence of sixteen years in prison.  In his first
four points of error, appellant complains about the trial court=s findings that he
was not in custody when he gave his confessions and that his confessions were
made voluntarily.  In his fifth point of error, appellant asserts charge error
and his final point of error complains of improper arguments.  We affirm.  

I.  Background

On June 25, 2005, Brigido Aleman, the complainant, was
driving through an apartment complex when someone walked in front of his car,
forcing him to stop.  Another individual opened the driver=s side door and
pointed a gun at the complainant.  The complainant testified that when he
turned his head to see if the other individual was opening the other door, the
gunman shot him in the head twice.

During his investigation, Officer Richard Sepolio developed
information implicating appellant, who was fifteen years old at the time. 
Officer Sepolio and Officer Harry Hunt  contacted appellant=s mother and asked
to speak with appellant.  Appellant=s mother agreed
and accompanied the officers to her home where appellant was located. 

During that meeting, appellant confessed to certain facts
both orally and in writing.  Appellant stated that he and his cousin waited at
the apartment complex for a particular vehicle to arrive.  After his cousin
walked in front of the car, appellant opened the door and asked for the driver=s wallet. 
Appellant stated that when the driver of the vehicle refused, he shot him
twice.  Appellant was subsequently charged with aggravated robbery.

II.  Analysis








Appellant=s first and third points of error complain
that the trial court erred in allowing evidence of his oral confession. 
Appellant=s first point of error contends that because he was in
custody when he made the oral confession, the officers were required to follow
certain procedures which they failed to do.  His third point of error argues
that his oral confession was not voluntary.  Appellant has failed to preserve
error with respect to his oral confession.  At the motion to suppress hearing,
the trial court specifically asked appellant=s trial counsel if
appellant=s handwritten statement was the only statement at
issue and if there were any oral statements at issue.  Appellant=s trial counsel
responded that the handwritten statement was the only contested statement. 
Moreover, the trial court=s motion to suppress ruling only addressed
the written confession.  Finally, appellant did not object at trial when the
State offered appellant=s oral confession into evidence. 
Appellant has therefore waived any complaint as to his oral confession.  See
Tex. R. App. P. 33.1.  We
overrule points of error one and three.

In his second and fourth points of error, appellant argues
that the trial court erred in admitting his written confession into evidence. 
These points of error raise the same legal issues of whether he was in custody
while being interrogated and whether his statement was given voluntarily. 
Appellant=s written statement essentially memorialized the facts
he had already orally confessed to the officersCnamely, that after
his cousin had walked in front of the complainant=s car, appellant
opened the complainant=s car door and asked for his wallet, and
when the complainant refused, appellant shot him twice.  In fact, appellant=s earlier oral
confession was more detailed than his later written confession.  See Daniel
v. State, 668 S.W.2d 390, 392 (Tex. Crim. App. 1984) (ASince the second
confession is more complete with more details and it was properly admitted in
evidence, the admission of the first confession is not reversible error.@).  Because
appellant=s oral confession, which was admitted at trial without
objection, proves the same facts as appellant=s written
confession, any error committed by the trial court in admitting the written
confession was harmless.  See Mayes v. State, 816 S.W.2d 79, 88 (Tex.
Crim. App. 1991) (holding that trial court error due to improper admission of
evidence may be rendered harmless if other evidence at trial is admitted
without objection and it proves the same fact or facts that the inadmissible
evidence sought to prove); Sterling v. State, 800 S.W.2d 513, 520 (Tex.
Crim. App. 1990) (finding that the improper admission of first confession was
harmless Ain light of second admissible confession containing
substantively the same facts@); Daniel, 668 S.W.2d at 392
(finding trial court=s error in admitting first confession was
harmless because second similar confession was properly admitted).  We overrule
points of error two and four.








In his fifth point of error, appellant contends that the
trial court erred in instructing the jury that, before it could consider
whether appellant was guilty of the lesser‑included offense of aggravated
assault, it had to acquit appellant of the greater offense of aggravated
robbery.  The relevant portion of the jury charge read:

Unless you so find from the
evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof,
you will acquit the defendant of aggravated robbery and next consider whether
the defendant is guilty of aggravated assault.     

Such
an instruction, dubbed an Aacquittal first instruction,@[2] is well‑recognized
in Texas.  See, e.g., Smith v. State, 744 S.W.2d 86, 94-95 (Tex. Crim.
App. 1987) (implicitly approving of jury charge which stated that Aunless you so find
beyond a reasonable doubt or if you have a reasonable doubt thereof, you will
acquit the defendant of capital murder and next consider whether or not the
defendant is guilty of the lesser included offense of murder@); Benavides v.
State, 763 S.W.2d 587, 589 (Tex. App.CCorpus Christi
1988, pet. ref=d) (finding no jury charge error where charge required
jury to acquit defendant of greater offense of aggravated robbery before moving
on to the lesser offense); Tenner v. State, 763 S.W.2d 877, 884 (Tex.
App.CFort Worth 1988,
pet. ref=d) (Athe trial court
may instruct the jury they must acquit the defendant of the greater charge
before considering the lesser@); McCloud v. State, 692 S.W.2d
580, 584 (Tex.  App.CHouston [1st Dist.] 1985, no writ) (AIn order to
convict appellant of aggravated assault rather than attempted murder, the jury
would have had to acquit appellant of attempted murder . . . .@); Scott v.
State, No. 14‑96‑01540‑CR, 1999 WL 351173, at *8 (Tex.
App.CHouston [14th
Dist.] June 3, 1999, no pet.) (not designated for publication) (finding proper
jury charge where jury was required to acquit the appellant of the greater
offense before considering the lesser offense).  We therefore find no error in
the court=s jury instruction.  We overrule point of error five. 









In his final point of error, appellant argues that the
trial court abused its discretion by denying appellant=s motion for
mistrial based upon improper jury argument.  Appellant complains about the
following statement, which occurred during the State=s closing argument
at the guilt/innocence stage of trial:

STATE:        Now,
Officer Sepolio did his investigation.  And part of his investigation has some
parts that you don=t know all what happened in it because of
the Rules of Evidence doesn=t get to get presented.

DEFENSE:   Your
Honor, I=m going to object
to that.  That=s arguing outside the record.

COURT:       Sustained.

DEFENSE:   I=d like an
instruction for the jury to disregard that last comment, Your Honor.

COURT:       The
jury will disregard the last statement by the prosecutor.

DEFENSE:   We=d move for a
mistrial.

COURT:       That
will be denied.

When the trial court sustains an objection and instructs
the jury to disregard but denies a motion for mistrial, the issue is whether
the trial court abused its discretion by denying the mistrial.  Hawkins v.
State, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004); Primes v. State,
154 S.W.3d 813, 814 (Tex. App.CFort Worth 2004, no pet.).  A mistrial is
the trial court=s remedy for improper conduct that is Aso prejudicial
that expenditure of further time and expense would be wasteful and futile.@  Hawkins,
135 S.W.3d at 77 (citing Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim.
App.1999)).  








The question of whether a mistrial should have been granted
when a curative instruction has been given involves most, if not all of the
same considerations that attend a harm analysis.  Id.  Therefore, in
cases in which constitutional rights are not implicated, courts employ a
multi-factored analysis which seeks to evaluate the effect of the harm on the
outcome of the trial.  See id.; Mosley v. State, 983 S.W.2d 249,
259 (Tex. Crim. App. 1998); Tucker v. State, 15 S.W.3d 229, 237-38 (Tex.
App.CHouston [14th
Dist.] 2000, pet. ref=d).  Those factors to be considered in
determining whether the trial court abused its discretion in denying a mistrial
are: (1) the severity of the misconduct (magnitude of the prejudicial effect);
(2) measures adopted to cure the misconduct (efficacy of any cautionary
instruction by the judge); and (3) the certainty of conviction absent the
misconduct. See Hawkins, 135 S.W.3d at 77 (applying the
three-factor test to improper arguments during the punishment proceedings); Mosley,
983 S.W.2d at 259;  Tucker, 15 S.W.3d at 237-38 (applying the Mosley factors
to determine if improper argument during guilt/innocence proceedings
constituted reversal).  We do not find that any constitutional rights were
impinged upon by the prosecutor=s remarks in this case.  See Tucker,
15 S.W.3d at 237  (finding that the trial court=s erroneous ruling
regarding improper comments made during jury argument involved
nonconstitutional error); Ortiz v. State, 999 S.W.2d 600, 605-06 (Tex.
App.CHouston [14th
Dist.] 1999, no pet.) (finding that trial court=s error in
overruling the appellant=s repeated objections to arguments outside
the record constituted nonconstitutional error).  We therefore utilize the Mosley
factors to determine if a mistrial should have been granted.  








With regard to the first factor, we do not find the
improper argument by the State to be severe.  While the State=s comment to the
jury that they did not know all of the facts that Officer Sepolio discovered in
his investigation may have invited the jury to speculate, the State did not
suggest to which end the jury should speculate.  Cf. Thompson v. State,
89 S.W.3d 843, 850‑51 (Tex. App.CHouston [1st
Dist.] 2002, pet. ref=d) (finding reversible error where the
prosecutor improperly commented that Athere=s something
important that I cannot tell you about concerning why you should not give
[appellant] anything less than ten years.@).  As a curative
measure, the trial court immediately instructed the jury to disregard the
statement.  Only in extreme circumstances, where the prejudice is incurable,
will a mistrial be required in the face of a curative instruction.  Hawkins,
135 S.W.3d at 77;  Martinez v. State, 17 S.W.3d 677, 691 (Tex. Crim.
App. 2000) (AEven when the prosecutor mentions facts outside the
record during argument, an instruction to disregard will generally cure the
error.@);  With respect
to the third factor, we find that appellant=s conviction was
fairly certain, regardless of the prosecutor=s improper remark,
considering the evidence that appellant confessed to shooting the complainant. 
We hold that the trial court did not abuse its discretion in finding that the
prosecutor=s improper comment to the jury was not so prejudicial
that expenditure of further time and expense would be wasteful and futile.  See
Ladd, 3 S.W.3d at 567.  We overrule appellant=s final point of
error.

We affirm the judgment of the trial court.

 

 

 

/s/      Adele Hedges

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion
of February 8, 2007, Withdrawn;  Corrected Memorandum Opinion filed March 22,
2007.


Panel consists of
Chief Justice Hedges and Justices Fowler and Edelman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 









[1]  We issue this opinion to reflect the correct year of
our opinion.  The previous opinion incorrectly stated that it was filed
February 8, 2006.  The correct date should have read February 8, 2007.





[2]  See Jay M. Zitter, Annotation, When Should
Jury=s Deliberation Proceed from Charged Offense to Lesser‑Included
Offense, 26 A.L.R.5th 603 (1995), for a detailed discussion on the types
of charges dealing with when the jury=s
deliberations should proceed from the charged offense to a lesser‑included
offense.